UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BRUCE KING

        Plaintiff,                  CIVIL ACTION NO. 05-CV-75007-DT

vs.

                                   DISTRICT JUDGE ANNA DIGGS TAYLOR

JEROME SULLIVAN,
et al,                              MAGISTRATE JUDGE MONA K. MAJZOUB
        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' APPLICATION FOR A PROTECTIVE ORDER (DOCKET ## 80, 83) AND DENYING PLAINTIFF'S EMERGENCY MOTION FOR DEPOSITION TO PRESERVE TESTIMONY (DOCKET # 85)**

**PROCEDURAL HISTORY**

On March 20, 2006 Defendant Russell Leone filed a motion for an Application for a Protective Order (Docket # 80).  Defendants Jerome Sullivan and UAW Local 600 joined on said motion on March 22, 2006 (Docket # 83).  Plaintiff Robert King then filed his Emergency Motion for Deposition to Preserve Testimony on March 27, 2006 (Docket # 85) and responded to Defendants' Application for a Protective Order on March 29, 2006.  Defendants Sullivan and UAW Local 600 responded to Plaintiff's motion and Plaintiff replied.  The Honorable Anna Diggs Taylor referred said motions to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  All parties appeared through counsel for oral arguments on April 12, 2006.  These motions are now before this Court.

**SUMMARY**

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Plaintiff seeks leave to re-depose himself during the week of April 17, 2006. Plaintiff has already been deposed over a period of several days. (Def. Resp. at 7). Plaintiff asks this Court to permit him to conduct his deposition at his bedside over the course of two or more days, with each session to last about 2 hours unless his condition dictates otherwise. Plaintiff contends that a second deposition is required to preserve his testimony in the event that his age, ill health and generalized fatigue compromise his ability to testify before a jury at his May 2, 2006 trial.

Defendants oppose Plaintiff's motion and seek a protective order under Federal Rules of Civil Procedure, Rule 26(c) to prevent the taking of said deposition. Defendants assert that they have the right to cross-examine Plaintiff at trial before a jury. Alternatively, Defendants contend that if he ultimately cannot attend trial then Plaintiff's prior deposition is available and should be introduced as Plaintiff's testimony. Defendants further argue that Plaintiff's motion: (1) is unsupported by competent medical evidence or law; (2) if granted, would cause the parties to expend unnecessary time and resources; (3) is a maneuver by Plaintiff to gain jury sympathy with a bedside deposition while preventing the jury from being able to properly assess Plaintiff's credibility by observing his live testimony; and (4) creates an unfair burden on the parties.

**LEGAL AUTHORITY**

Plaintiff urges this Court to order his second deposition in this civil case citing decisions made in various criminal cases which include: *United States v. Irwin*, 2005 WL

1656846 (D.N.D. 2005); *United States v. Drogoul*, 1 F. 3d 1546 (11th Cir. 1993); *United States v. Campell*, 845 F. 2d 1374 (6th Cir. 1988); *United States v. Keithan*, 751 F. 2d 9 (1st Cir. 1984); and *United States v. Furlow*, 644 F. 2d 764 (9th Cir. 1981).

Plaintiff's reliance on these cases is misplaced. Specifically, the cases cited by Plaintiff invoke an analysis of Rule 15 of the Federal Rules of Criminal Procedure. Rule 15 of the Federal Rules of Criminal Procedure applies only to the deposition of witnesses in *criminal* cases. In stark contrast, Plaintiff's case is *civil* in nature and addresses the propriety of re-deposing an actual party to the lawsuit. Assuming, arguendo, that the cases cited by Plaintiff are applicable, they are factually inapposite and unpersuasive. In *Irwin*, the witness deposed had suffered a massive stroke and was presumably hospitalized. *Irwin*, 2005 WL 1656846 at * 1. *Drougal* considered the propriety of deposing material witnesses who were foreign nationals and who were not subject to subpoena power. *Drougal*, 1 F.3d at 1551-1559. Neither of these cases cite facts applicable to the instant case. The *Campbell, Keithan*, and *Furlow* cases are silent as to the specific evidence considered by the courts that ordered the depositions of the invalid witnesses. *Campell*, 845 F.2d at 1377-1378; *Keithan*, 751 F.2d at 12; *Furlow*, 644 F.2d at 767. The Defendants in *Kiethan* and *Furlow* did not object to the court's findings, distinguishing those cases from the present case. *Keithan*, 751 F.2d at 12; *Furlow*, 644 F.2d at 767. These cases provide limited insight into the appropriateness of granting Plaintiff's motion in this case.

The issue before this Court is whether Plaintiff should be allowed to re-depose himself pursuant to Federal Rule of Civil Procedure 30(a)(2)(B). This rule is subject to the limitations set forth in Federal Rule of Civil Procedure 26(b)(2). Rule 26(b)(2) directs this Court to consider, in part, whether the deposition would be unreasonably cumulative or

duplicative or would impose and undue burden or expense that would outweigh any benefit. *See* Fed. R. Civ. P. 26(b)(2) (ii), (iii).

## EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION

The evidence provided by Plaintiff in support of his motion includes the March 24, 2006 declaration of Dr. Haythem Ali and a copy of Plaintiff's medical record attached by Dr. Ali dated March 6, 2006. These documents reflect that Plaintiff is a 76-year old man who in January 2006 was diagnosed with multiple myeloma, a cancer of the bone marrow. (Pl.'s Mot., Ex. A at 1, 3). Plaintiff has a pathological fracture of his L4 vertebra presumed to be related to his myeloma. *Id.* at 2-3. Plaintiff successfully and without incident completed a course of radiation therapy and is currently being treated with various anti-cancer medications. *Id.* at 1, 3. Because of his vertebral fracture he is largely confined to a wheelchair when not in bed, and he can walk short distances with a walker. *Id.* at 1, 3. Plaintiff has physical therapy sessions at his home several times a week to facilitate his use of the walker. Plaintiff's symptoms include "significant weakness and a marked tremor." *Id.* at 1. The affidavit makes no mention of any other limitations (e.g., Plaintiff's ability to travel from his home, whether he is bedridden, what constraints are placed on Plaintiff's ability to use the walker, or the circumstances surrounding his physical therapy).

According to the most recent medical record dated March 6, 2006, Plaintiff has "tolerated therapy well although he still has pain and is on pain medication." *Id.* at 3. He suffers chronic but "moderate weakness of both of his extremities." *Id.* A physical examination of Plaintiff indicated the following: (1) "he is not in any acute distress"; (2) he is "[n]eurologically alert and oriented"; (3) he has "[n]o apparent sensory deficit noted in any

of the 4 extremities; and (4) "[h]is motor strength is grade 5/5 in upper extremities but they are 4/5 in both lower extremities."  Dr. Ali planned continued drug therapy for treatment of the myeloma and scheduled Plaintiff to return for an evaluation in four weeks.  *Id.*

In his affidavit, Dr. Ali testifies that Plaintiff's "condition is likely to remain stable through the two-week time frame scheduled for his trial on May 2, 2006."  He then states that Plaintiff's condition is somewhat unpredictable and could affect his ability to testify at any given time.[1]  *Id.* at 2.

At oral argument Plaintiff's counsel advised that Plaintiff has received very positive feedback from Dr. Ali and that he has shown good progress due to his therapy. Chemotherapy has not been part of his regimen.  Counsel then stated that Plaintiff remains largely confined to his bed and wheelchair, must wear a brace when he is not in bed, and only has enough energy to stay out of bed for one hour at a time.  Counsel further commented that Plaintiff has begun to receive steroid injections to supplement his drug therapy.  Counsel failed to provide this Court with any documentation in support of these statements by way of updated medical reports, declarations from Plaintiff's physician or physical therapist.

The medical evidence presented by Plaintiff reflects that while Plaintiff does suffer from a chronic illness which causes him pain and requires medication, he is not in any acute distress and is fully alert and oriented.  He is also receptive to therapy and his

---

[1] Dr. Ali also cites to several side effects other than fatigue and memory loss that patients may experience using the same drugs which Plaintiff takes.  However, his affidavit does not attribute such side effects to Plaintiff.  (Pl. Mot., Exh. A at 2).

Dr. Ali's statements concerning the predictability of Plaintiff's daily condition are unsupported by the one medical record provided to this Court.

condition has progressively improved without regression. Such testimony does not, in this Court's opinion, support Plaintiff's motion to take her client's bedside deposition in varying time intervals over multiple days two weeks before the commencement of trial. Furthermore, the medical evidence and affidavit provided by Plaintiff fail to establish that Plaintiff's condition prevents him from testifying at trial on May 2, 2006. According to Dr. Ali, Plaintiff's condition will more likely than not remain stable during his trial. There is no evidence on the record which suggests that Plaintiff is unable to attend trial in a wheelchair or that his confinement to the chair will impede his ability to testify. To the contrary, Plaintiff's counsel believes Plaintiff may be able to present before a jury if he is allowed certain accommodations.

## **CONCLUSION**

As a party to the lawsuit, Plaintiff's credibility is a critical issue. Substituting Plaintiff's live testimony with a deposition would deprive Defendants of their ability to effectively cross examine Plaintiff. The jury would further be denied the opportunity to witness Plaintiff's demeanor first hand. Furthermore, a second deposition would work an unfair burden upon the Defendants with respect to time, money and other resources. A second deposition would be duplicative of Plaintiff's prior lengthy deposition. The effects of Plaintiff's medication enumerated by his counsel would prove to be the same whether he testifies at a deposition or at trial. In short, the evidence provided by Plaintiff only demonstrates that his condition could affect his testimony at either event. Plaintiff indicated he intends to testify at trial assuming his condition remains stable as predicted, which would render Plaintiff's "trial deposition" useless. Lastly, this Court assumes that should Plaintiff require reasonable accommodations at trial, such a request for accommodation would be

graciously received.

Upon consideration of Plaintiff's motion, the evidence presented, and the oral arguments presented by both parties, the Court does **DENY** Plaintiff's Emergency Motion for Deposition to Preserve Testimony (Docket # 85).

NOW, THEREFORE, **IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Preserve Testimony (Docket # 85) be **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Application for a Protective Order (Docket ## 80, 83) be **DENIED** as unnecessary in light of this Court's Order as to Plaintiff's Emergency Motion to Preserve Testimony.

### NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:  April 14, 2006          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated:  April 14, 2006          s/ Lisa C. Bartlett
                                Courtroom Deputy